IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. ALLEN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

LANCE V. ALLEN, APPELLANT.

Filed August 6, 2019.    No. A-18-1076.

Appeal from the District Court for Lancaster County: KEVIN R. MCMANAMAN, Judge. Affirmed.

Derik J. Von Loh, of Hernandez Frantz, Von Loh, for appellant.

Lance V. Allen, pro se.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

MOORE, Chief Judge.

### INTRODUCTION

Lance V. Allen appeals from his plea-based conviction in the district court for Lancaster County of delivery of, or possession with intent to deliver, a controlled substance (cocaine). Allen was sentenced to imprisonment for a term of 18 to 25 years. On appeal, he asserts that the prosecutor breached the parties' plea agreement, that his trial counsel was ineffective, and that the court imposed an excessive sentence. For the reasons set forth herein, we affirm.

### BACKGROUND

Allen was initially charged with delivery of, or possession with intent to deliver, a controlled substance (cocaine) in violation of Neb. Rev. Stat. § 28-416(1) and (2)(a) (Cum. Supp.

2018), a Class II felony; delivery of, or possession with intent to deliver, cocaine, 10 to 27 grams, within 1,000 feet of a school in violation of § 28-416(7)(c) and (4)(a)(ii), a Class IC felony; possession of money to be used in violating § 28-416(1) in violation of § 28-416(17), a Class IV felony; and possession of a firearm by a prohibited person in violation of Neb. Rev. Stat. § 28-1206(1) (Cum. Supp. 2018), a class ID felony.

On August 28, 2018, Allen pled guilty to an amended information filed by the State, charging him with delivery of, or possession with intent to deliver, a controlled substance (cocaine), a Class II felony, pursuant to § 28-416(1) and § 28-461(2)(a). After Allen was arraigned on the amended charges, the district court advised him of his rights and the possible penalties and consequences of his plea, informed him that he could withdraw his plea at any point up until the court accepted it, and informed him that he could be sentenced to one to 50 years' imprisonment. Allen affirmed his understanding of these and the court's other advisements.

The State provided the following factual basis for Allen's plea:

While working as an undercover officer with the Lincoln/Lancaster County Narcotics Task Force, Investigator, Chris Monico was purchasing quantities of cocaine from an individual identified as James Brown. While working that investigation, they made attempts to identify . . . Brown's source. They had identified possibly Lance Allen as one of those sources.

On June 30th, 2016 . . . Monico was working in that capacity and made arrangements with . . . Brown to purchase seven grams of cocaine for $440; that . . . . Monico picked up . . . Brown and they traveled to the area of [a certain intersection] . . . to meet with his source to acquire that cocaine; that they drove to [a bar] at [a certain address].

. . . Monico provided . . . Brown with $440 with narcotic unit buy money, and just after 5:00 p.m. . . . Monico witnessed a black . . . truck that had previously been part of the investigation to arrive on the north side of the bar; that . . . Brown got out of . . . Monico's vehicle and entered the rear passenger's side of the . . . truck.

While . . . Brown was inside . . . Monico was able to identify the driver inside that vehicle as . . . Allen, the defendant before the court. He was sitting in the driver's seat and operating the truck. Investigators on the surveillance detail were also able to positively identify . . . Allen as the driver of that truck.

That . . . Brown returned to . . . Monico's vehicle and provided four individual baggies of powder cocaine that weighed approximately 1.75 grams each. Those were sent to the Nebraska State Patrol Crime Laboratory. They did confirm positive for cocaine.

If called to testify . . . Brown would confirm and testify that he did obtain that quantity of cocaine from . . . Allen.

All events occurring in Lancaster County, State of Nebraska.

Upon the court's inquiry, Allen's attorney indicated that he did not dispute the factual basis provided, and Allen indicated that he accepted it as true. The court then found the factual basis sufficient to support Allen's plea.

Next, the district court asked the prosecutor to describe the plea agreement. The prosecutor stated, "Your Honor, in exchange for the defendant's plea today, the State has agreed to file that

amended information reflecting one count of distribution as well as dismiss [another case], which is a single count of possession of a controlled substance." The court asked Allen's attorney about the accuracy of this recitation, and he stated, "I believe so and also not to seek any other charges associated with this investigation." The prosecutor agreed that this was also part of the plea deal.

Finally, Allen affirmed, in response to the district court's questioning, that he had not received any promises or threats to induce his plea; had not received any promises with regard to sentencing; was satisfied with the services of his attorney; and was entering into his plea freely, voluntarily, intelligently, and knowingly. The court then stated:

> I have observed the defendant's speech, his manner and attentiveness at this hearing. The defendant has been following my questions and providing logical answers and he appears to have understood the proceedings. It appears the defendant is physically and mentally healthy and not under the influence of drugs or alcohol.

The court found beyond a reasonable doubt that Allen understood his rights, the charge against him, the possible penalties, and the consequences of his plea and that Allen was freely, voluntarily, intelligently, and knowingly waiving his rights and entering his plea. Accordingly, the court accepted Allen's plea and found him guilty of delivery of, or possession with intent to deliver, a controlled substance (cocaine).

A sentencing hearing was held before the district court on October 26, 2018. Allen's attorney informed the court that he had reviewed the presentence investigation report with Allen and that they had no objections or corrections to make to it other than updating the court about a case involving charges from April 2017 in which Allen had just been sentenced to 2 years' probation with 30 days' jail time, a $1,000 fine, and revocation of his license for 2 years for refusal of a chemical test, second offense, and a $100 fine for refusing a preliminary breath test. Allen's attorney also informed the court that Allen had just been to a medical center, where he was diagnosed with heart palpitations. The court denied the request made by Allen's attorney to delay sentencing until after Allen had scheduled a followup appointment, stating that "if we were in an emergent situation they wouldn't have let him leave and we wouldn't be here now."

The district court then heard arguments from the parties with respect to sentencing. Allen's attorney's comments to the court included a comparison of the sentences of the other defendants in a larger cocaine distribution investigation. Based on this comparison, he argued that "in order to avoid sentencing disparity," Allen should be sentenced to 5 years' probation with some "time as part of that probation." He also argued that the plea deal offered to Allen was the result of "holes in [the State's] case." In its argument, the State addressed the deals received by "other co-defendants," stressing to the court that "there's different evidence of different people that produce different charges, the strength of those cases, criminal histories, et cetera that go into plea agreements for others" and that "those [other defendants] were all peripheral characters in this whole investigation." The State outlined the larger police investigation, which occurred over the course of 4 months and which suggested that Allen was more than a peripheral figure in the cocaine distribution operation under investigation. In discussing the investigation as it related to Allen, the

prosecutor stated, "We're here to talk about [Allen] again. This is a case that involved 149.4 grams of cocaine. Seventy-seven hundred dollars that in part went -- there were 11 of 13 purchases that were either at [Allen's residence] or directly seem to involve . . . Allen."

The district court sentenced Allen to incarceration for a term of 18 to 25 years to be served consecutive to "any sentence currently being served by [Allen]."

## ASSIGNMENTS OF ERROR

Allen asserts that (1) the prosecutor breached the plea agreement by arguing during sentencing that Allen was responsible for 149.4 grams of cocaine when the factual basis supporting his plea agreement was based on his delivery of 7 grams, (2) his trial counsel was ineffective for failing to object to the prosecutor's argument during sentencing and for failing to withdraw Allen's plea when the prosecutor breached the plea agreement, and (3) the district court imposed an excessive sentence.

To the extent Allen makes arguments in his pro se reply brief addressed to issues other than those assigned as error in his initial brief, we have not considered them. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Munoz*, 303 Neb. 69, 927 N.W.2d 25 (2019). Errors not assigned in an appellant's initial brief are waived and may not be asserted for the first time in a reply brief. *U.S. Pipeline v. Northern Natural Gas Co.*, 303 Neb. 444, 930 N.W.2d 460 (2019). The purpose of an appellant's reply brief is to respond to the arguments the appellee has advanced against the errors assigned in the appellant's initial brief. *State v. Newman*, 300 Neb. 770, 916 N.W.2d 393 (2018).

## STANDARD OF REVIEW

When the facts are undisputed, the question of whether there has been a breach of a plea agreement is a question of law. *State v. Smith*, 295 Neb. 957, 892 N.W.2d 52 (2017). When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *State v. Jerke*, 302 Neb. 372, 923 N.W.2d 78 (2019).

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *Id.* An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

ANALYSIS

*Breach of Plea Agreement.*

Allen asserts that the prosecutor breached the plea agreement by arguing during sentencing that Allen was responsible for 149.4 grams of cocaine when the factual basis supporting his plea agreement was based on his delivery of 7 grams. He argues that he should be allowed to withdraw his plea based on this alleged breach. Allen's argument fails for several reasons.

First, the prosecutor's comments during sentencing do not constitute a breach of the plea agreement. Courts enforce only those terms and conditions about which the parties to a plea agreement did in fact agree. *State v. Smith, supra.* When the State breaches a plea agreement, the defendant generally has the option of either having the agreement specifically enforced or withdrawing his or her plea. *Id.* Here, the terms of the plea agreement were clearly outlined during the course of the plea hearing. When asked to describe the plea agreement, the prosecutor stated that in exchange for Allen's plea, the State had agreed to file the amended information with "one count of distribution" and to dismiss another case, involving a count of possession of a controlled substance. The prosecutor affirmed that the State had also agreed to not seek any other charges against Allen associated with the investigation. Allen's attorney agreed that those were the terms of the plea agreement, and Allen affirmed that he had received no other promises in connection with his plea. In short, the plea agreement did not involve any agreement by the State to remain silent at sentencing, and Allen has not alleged a breach of any of the terms actually stated during the plea hearing.

Further, we do not read the prosecutor's statement as attributing the 149.4 grams of cocaine to Allen personally; rather, it is a statement about the total amount of cocaine recovered through controlled buys during the course of the police investigation of the drug-related activities of Allen and other defendants. We note that there are multiple references in the presentence investigation report to the recovery of 149.4 grams of cocaine during the investigation. Thus, the information was already before the district court for its consideration in sentencing Allen. A sentencing judge may consider relevant information contained in a presentence report on the defendant to determine an appropriate sentence within the statutorily authorized penalty, punishment, or disposition applicable to the crime for which the defendant has been convicted. *State v. Arizola*, 295 Neb. 477, 890 N.W.2d 770 (2017).

Finally, even if there had been a breach of the plea agreement, any such breach would have been waived due to Allen's failure to object at the trial level. Where the prosecutor has breached a plea agreement, the defendant is precluded from obtaining trial or appellate relief in the form of withdrawal of the plea unless the defendant moves to set aside the plea in the trial court; however, if the defendant objects at the trial level, despite failing to move to withdraw the plea, the defendant is nevertheless entitled at trial and on appeal to consideration of relief in another form, such as specific performance of the plea agreement. *State v. Landera*, 20 Neb. App. 24, 816 N.W.2d 20 (2013).

Allen's assignment of error fails for the reasons discussed above.

*Ineffective Assistance of Trial Counsel.*

Allen asserts that he received ineffective assistance of trial counsel in two regards. He is represented on direct appeal by different counsel than trial counsel. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record, otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Sinkey*, 303 Neb. 345, 929 N.W.2d 35 (2019). The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id.* The determining factor is whether the record is sufficient to adequately review the question. *Id.*

Appellate courts have generally reached ineffective assistance of counsel claims on direct appeal only in those instances where it was clear from the record that such claims were without merit, or in the rare case where trial counsel's error was so egregious and resulted in such a high level of prejudice that no tactic or strategy could overcome the effect of the error, which effect was a fundamentally unfair trial. *State v. Sundquist*, 301 Neb. 1006, 921 N.W.2d 131 (2019). An ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *State v. Chairez*, 302 Neb. 731, 924 N.W.2d 725 (2019).

When an ineffective assistance of counsel claim is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *State v. Sundquist, supra*. General allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal and thereby preserve the issue for later review. *Id.* An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *State v. Garcia*, 302 Neb. 406, 923 N.W.2d 725 (2019). An ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice. *State v. Spang*, 302 Neb. 285, 923 N.W.2d 59 (2019).

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Id.* When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* A reasonable probability is a probability sufficient

to undermine confidence in the outcome. *State v. Munoz*, 303 Neb. 69, 927 N.W.2d 25 (2019). The two prongs of the test under *Strickland v. Washington, supra*, may be addressed in either order, and the entire ineffectiveness analysis should be viewed with a strong presumption that counsel's actions were reasonable. *State v. Wells*, 300 Neb. 296, 912 N.W.2d 896 (2018).

Allen argues that his trial counsel was ineffective for failing to object to the prosecutor's argument during sentencing and failing to withdraw Allen's plea when the prosecutor breached the plea agreement. As discussed above, there was no breach of the plea agreement. Accordingly, the record on direct appeal is sufficient to affirmatively refute Allen's allegations that his trial counsel was ineffective in this regard.

*Excessive Sentence.*

Allen asserts that the district court imposed an excessive sentence. Allen was convicted of delivery of, or possession with intent to deliver, a controlled substance (cocaine), a Class II felony, and sentenced to imprisonment for 18 to 25 years. § 28-416(2)(a). The district court ordered his sentence to be served consecutively to any sentence currently being served by Allen. Class II felonies are punishable by 1 to 50 years' imprisonment. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2018). Allen's sentence was therefore within the statutory limits.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Blaha, supra*. In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* However, the sentencing court is not limited to any mathematically applied set of factors. *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019).

In sentencing Allen, the district court stated that it had considered the information contained in the presentence report, as well as the factors which we have set forth above. The court specifically noted Allen's "significant record," the safety of the community, and apparent "very significant and central" role in the cocaine distribution operation at issue. A review of the presentence report shows that during the investigation, police seized firearms, additional amounts of cocaine (beyond that recovered through controlled buys), and several thousands of dollars at Allen's residence and the residences of his girlfriends. Allen was 40 years old at the time of the presentence investigation. He has earned his GED and attended some college and had been self-employed with an auto body and paint business for 10 years prior to the presentence investigation. Allen has an extensive prior criminal history with multiple transfers to juvenile court including charges of theft by shoplifting, false statement to police, and stealing in various amounts; multiple adult convictions including for attempt of a Class IIIA or IV felony, unlawful

transportation of firearm, reckless driving, possession of marijuana, driving under the influence, disturbing the peace, refusal to comply with an order of police, operating a motor vehicle while suspended, failure to appear, discharging a firearm, trespassing, and traffic related offenses; and multiple other law enforcement contacts for which the charges were ultimately dismissed. Allen received his first citation from law enforcement at the age of 14; has been sentenced to federal prison, state prison, and jail in the past; and has had a prior term of probation revoked. On the level of service/case management inventory, Allen was assessed as a high risk to reoffend, scoring as a medium risk in the areas of companions, alcohol/drug problem, and procriminal attitude/orientation; as a high risk in the areas of criminal history and leisure/recreation; and as a very high risk in the area of antisocial pattern.

The district court did not abuse its discretion in considering the relevant factors and did not impose an excessive sentence. Accordingly, we affirm Allen's sentence following his conviction.

## CONCLUSION

The prosecutor did not breach the plea agreement between the parties, and Allen's claims of ineffective assistance of trial counsel fail for the reasons discussed above. The district court did not abuse its discretion in sentencing Allen.

AFFIRMED.