IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MCDONALD

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

TIMOTHY W. MCDONALD, APPELLANT.

Filed March 17, 2020.    No. A-19-516.

Appeal from the District Court for Kimball County: DEREK C. WEIMER, Judge. Affirmed.

Katy A. Reichert, of Chaloupka, Holyoke, Snyder, Chaloupka & Longoria, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.

MOORE, Chief Judge, and PIRTLE and WELCH, Judges.

PIRTLE, Judge.

## I. INTRODUCTION

Timothy W. McDonald appeals his plea-based convictions and sentences in the Kimball County District Court for possession of drug paraphernalia (count II), possession of a controlled substance (count III), attempted possession of a deadly weapon by a prohibited person (count IV), carrying a concealed weapon (count VI), possession of marijuana--less than 1 ounce (count VII), and a stop sign violation (count VIII). He claims that the district court imposed excessive sentences and that his trial counsel provided ineffective assistance. Based on the reasons that follow, we affirm McDonald's convictions and sentences.

## II. BACKGROUND

In October 2018, McDonald was charged with eight counts: possession with intent to manufacture a controlled substance--methamphetamine (count I), a Class II felony; possession

of drug paraphernalia (count II), an infraction; possession of a controlled substance--methamphetamine (count III), a Class IV felony; possession of a deadly weapon (firearm) by a prohibited person (count IV), a Class ID felony; possession of a firearm during the commission of a felony (count V), a Class II felony; carrying a concealed weapon (count VI), a Class I misdemeanor; possession of marijuana--less than 1 ounce (count VII), an infraction; and stop sign violation (count VIII), a traffic infraction.

On March 5, 2019, pursuant to a written plea agreement, the State dismissed counts I and V; amended count IV to attempted possession of a deadly weapon by a prohibited person; and agreed not to pursue any further charges arising out of the facts of the case. In exchange, McDonald pled no contest to the remaining counts in the amended information.

At the plea hearing, the State provided the following factual basis for the charges:

Your Honor, the factual basis I have is from the report of Trooper Jaramillo of the Nebraska State Patrol. He indicates that on the date alleged he was on duty in uniform driving a marked patrol unit. He was observing the intersection of old Highway 71 and Highway 71 in Kimball County, Nebraska, when he observed a white passenger vehicle violate the stop sign at the intersection. The Trooper observed the vehicle make a lane change without using a signal and cross the white fog line one time. The Trooper initiated a traffic stop of the vehicle at approximately mile marker 19 on Highway 71 in Kimball County, Nebraska. At that time he also observed the vehicle to have no visible license plate. The Trooper make [sic] contact with the driver and requested license, registration and proof of insurance. The driver advised the Trooper he did not have a license. The Trooper asked the driver for any type of identification. He was provided an Oregon Identification, the State of Oregon Identification Card which identified the driver as Timothy Ray McDonald. The driver advised he could not find the registration. The Trooper requested Mr. McDonald exit the vehicle and come back to the patrol unit. He agreed to do that. The Trooper conducted a pat down for officer safety prior to allowing him in the vehicle. The Trooper located a glass pipe in Mr. McDonald's right pants pocket. He retrieved the pipe and asked Mr. McDonald what it was and he said it was a dope pipe. With that information the Trooper placed Mr. McDonald in a secure area of the patrol unit and conducted a probable cause search of the vehicle. In the probable cause search of the vehicle he located a concealed 9mm Smith and Wesson handgun, a white plastic container with a scale and small baggies, a black plastic container with another glass pipe and substance in a small plastic baggie that field tested positive for amphetamine or methamphetamine, a pipe with burnt marijuana residue inside. All those items were found in a front, black backpack in the front passenger seat. A check of Mr. McDonald's prior criminal history showed he has a prior felony conviction that would not allow him to be in possession of the firearm.

Prior to accepting McDonald's pleas, the district court advised him of the charges within the amended information and the possible sentences that could be imposed. McDonald acknowledged that he had signed the plea agreement and that he had not been promised anything or threatened in order to enter the pleas, beyond the explicit terms of the plea agreement, and that he was entering the pleas of his own free will. McDonald was informed of the rights he would be

giving up if his pleas were accepted. McDonald stated that he was satisfied with his attorney's advice and the results she obtained on his behalf.

The district court found beyond a reasonable doubt that McDonald understood the nature of the charges against him; the possible sentences that could be imposed; that his pleas were made freely, knowingly, intelligently, and voluntarily; and that there was a factual basis to support the pleas of no contest. The district court found McDonald guilty of the six charges in the amended information and ordered a presentence investigation. The district court further advised McDonald that he had an obligation to make himself available to the District 12 Probation Office so they could put together a proper and complete presentence investigation report (PSI).

A sentencing hearing took place on May 7, 2019, and the court sentenced McDonald to the following sentences of imprisonment: 1 year on count III; 4 to 6 years on count IV; and 1 year on count VI. The sentences were ordered to be served concurrently. Fines were imposed on counts II, VII, and VIII. The court gave McDonald 11 days' credit for time served.

## III. ASSIGNMENTS OF ERROR

McDonald asserts five assignments of error claiming ineffective assistance of trial counsel. He contends he received ineffective assistance when counsel (1) promised McDonald that he would receive probation if he entered into the plea agreement offered by the State; (2) failed to file a motion with the court to request that the Scotts Bluff County probation office conduct his PSI; (3) failed to inform McDonald that he would not be considered for probation if he did not undergo a PSI; (4) failed to discuss the contents of McDonald's PSI with him prior to sentencing; and (5) failed to adduce mitigating evidence at the sentencing hearing from members of the community. McDonald also claims (6) the district court abused its discretion in sentencing him to an excessive sentence.

## IV. STANDARD OF REVIEW

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Vanness*, 300 Neb. 159, 912 N.W.2d 736 (2018). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id*.

## V. ANALYSIS

### 1. INEFFECTIVE ASSISTANCE OF COUNSEL

McDonald first asserts a number of claims alleging that he received ineffective assistance of trial counsel. Generally, to prevail on a claim of ineffective assistance of trial counsel under

*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019). In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id*. The two prongs of this test may be addressed in either order, and the entire ineffectiveness analysis should be viewed with a strong presumption that counsel's actions were reasonable. *State v. Manjikian*, *supra*.

While the Nebraska Supreme Court has held that an appellant need not allege prejudice on direct appeal when claiming ineffective assistance of trial counsel, the Supreme Court does require "specific allegations of the *conduct* that he or she claims constitutes deficient performance[.]" *State v. Filholm*, 287 Neb. 763, 770, 848 N.W.2d 571, 578 (2014) (emphasis supplied).

The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. The determining factor is whether the record is sufficient to adequately review the question. *State v. Sinkey*, 303 Neb. 345, 929 N.W.2d 35 (2019). In order to avoid a procedural bar to a future postconviction proceeding, a claim of ineffective assistance of counsel must be presented with enough particularity for (1) an appellate court to make a determination whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court. *Id*. Against that background, we will address each of McDonald's allegations of ineffective assistance of trial counsel in turn.

(a) Promise McDonald Would Receive Probation

McDonald first contends that he received ineffective assistance of trial counsel based on the fact that his trial counsel allegedly promised that he would receive probation if he entered into the plea agreement with the State. However, the record affirmatively refutes this argument. At the plea hearing, the district court asked McDonald:

> THE COURT: Other than the terms of the agreement that have been set out in writing here in this document is anyone promising you anything in order to get you to enter a plea?
>
> MCDONALD: No, Your Honor.
>
> THE COURT: Anyone threatening you?
>
> MCDONALD: No, Your Honor.
>
> THE COURT: Anyone intimidating you or making you feel like you have to do this today?
>
> MCDONALD: No, Your Honor.
>
> THE COURT: If you were to enter a plea today pursuant to this plea agreement would that be of your own free will?
>
> MCDONALD: Yes, Your Honor.

When asked by the district court, McDonald explicitly admitted that his trial counsel had not made any improper promises in order for him to enter the plea agreement. This argument fails.

### (b) Failure to File Motion to Relocate PSI Interview

McDonald next argues that his trial counsel was ineffective by failing to file a motion with the district court at his request that the Scotts Bluff County probation office conduct his PSI. McDonald argues the motion was necessary because (1) he had a scheduling conflict and (2) because he and the Kimball County probation officer "did not get along and he felt he would not receive a fair shake." Brief for appellant at 14. McDonald argues that the record reflects his trial counsel's knowledge that he and the Kimball County probation officer did not get along, that he made an attempt to reschedule, and that it would require a court order to reschedule the PSI with the Scotts Bluff County probation office.

In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). McDonald cites to no case where such a motion was granted (or even filed) by counsel under similar circumstances. The Supreme Court has held that "the entire ineffective assistance analysis should be viewed with a strong presumption that counsel's actions were reasonable." *State v. Manjikian*, 303 Neb. 100, 116, 927 N.W.2d 48, 62 (2019). Without any support to the contrary, we cannot say McDonald's trial counsel's failure to file a motion to relocate his PSI was deficient. This argument fails.

### (c) Failure to Inform McDonald He Would Not Be
### Considered for Probation Without PSI

McDonald next contends that he received ineffective assistance of counsel because his trial counsel failed to advise him that he would not be considered for probation if he did not undergo the PSI. However, we find that McDonald cannot show prejudice, and this argument fails.

McDonald alleges that prejudice is established because his failure to complete the PSI caused the district court not to consider him for probation, and instead impose a prison sentence. However, there is nothing in the record to suggest McDonald was not considered for probation. The district court, at sentencing, noted:

> I've considered whether the imposition of a jail or incarceration type sentence would impose an excessive hardship on any dependents that you might have, and the court has to take a look at the testing that was done, if it was done, in these kind of cases and the court has to take a look at three additional factors in deciding between a sentence of probation or a sentence in imprisonment.
>
> . . . .
>
> There are a couple of things I wanted to comment on simply because they've come up before in the court and I think it's important that you hear these things from me, I know we've had issues in the past in other cases, this isn't the first time we've had this situation come up where Presentence Reports or Presentence Investigation have been scheduled for a day and people get there, don't get there, and whatever reason there is for that to have happened, what I wanted to tell you, Mr. McDonald, I take what I get and I use it the best

that I can with the information that is presented to me. I will take you at your word that you made those contacts and made efforts to try and reschedule the appointment on the issue of the Presentence Investigation.

. . . .

The concerns that I had as I was reviewing your [PSI] and considering what I needed to do in this matter, Mr. McDonald, are the issues related to prior probation orders and successfulness on those. Frankly one of the concerns that I have, any time I've got a weapon of any kind involved I think I have to take a look and see if there's history of those kind of things. There's an issue at least one time in the past where you had the issue of a concealed weapon. So, I think that also has to play into the court's consideration.

The record does not support McDonald's argument that the district court refused to consider him for probation because of his failure to undergo the PSI. In fact, the record shows that the district court gave McDonald the benefit of the doubt in considering his explanation for failing to complete the PSI interview. The court also specifically noted McDonald's previous failures in meeting the terms of his probation, and its concern that the offenses before it involved a loaded firearm. Based on the record before us, we find that McDonald cannot show prejudice and this argument fails.

### (d) Failure to Discuss PSI Prior to Sentencing

McDonald next argues that he received ineffective assistance because his trial counsel failed to discuss the contents of the PSI with him prior to the sentencing hearing. However, the record affirmatively refutes this claim.

At the sentencing hearing, the district court specifically asked McDonald's trial counsel whether she had the opportunity to review the PSI. In response, McDonald's trial counsel stated "I have, Your Honor. I went over the contents with Mr. McDonald prior to court today." While McDonald now argues on appeal that this statement by his trial counsel is false, he did not raise any objection to the district court at sentencing, even when asked whether there was any reason the court should not pronounce a sentence and was given the opportunity to speak before the sentence was given. This argument fails.

### (e) Failure to Introduce Mitigating Evidence at Sentencing

McDonald's final claim of ineffective assistance of counsel is that his trial counsel failed to introduce mitigating evidence at sentencing from members of the community. McDonald has provided a list of ten individuals who he believes would have provided testimony, affidavits, or letters of support, and what they would have stated in support of him. Because the record does not reflect any conversations between McDonald and his trial counsel about introducing such mitigating evidence, it is insufficient to resolve this claim on direct appeal.

## 2. EXCESSIVE SENTENCE

McDonald next argues that the district court abused its discretion and imposed an excessive sentence on the three charges where a prison sentence was ordered. He argues that probation should have been imposed instead of imprisonment. We disagree.

McDonald takes issue with his sentences on count III: possession of a controlled substance, a Class IV Felony; count IV: attempted possession of a deadly weapon by a prohibited person, a Class II Felony; and count VI: carrying a concealed weapon, a Class I Misdemeanor. McDonald was sentenced to a determinate period of 1 year's imprisonment on counts III and VI, and a period of 4 to 6 years' imprisonment on count IV. Each term was ordered to run concurrently with the others, and McDonald was credited for 11 days' time served.

Under Neb. Rev. Stat. § 28-416(3) (Reissue 2016), possession of a controlled substance (count III) is a Class IV felony. A Class IV felony, under Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2018), is punishable by imprisonment for a maximum of 2 years with 12 months' postrelease supervision, a $10,000 fine, or both. There is no minimum sentence of imprisonment. The district court sentenced McDonald to 1 year's imprisonment on count III.

Under Neb. Rev. Stat. § 28-1206 (Reissue 2016), attempted possession of a deadly weapon by a prohibited person (count IV) is a Class II felony. A Class II felony, under § 28-105(1), is punishable by imprisonment for a minimum of 1 year and a maximum of 50 years. However, when an offense does not require a *mandatory* minimum, it is within the discretion of the trial court to suspend a sentence and impose a term of probation. See generally *State v. Russell*, 291 Neb. 33, 863 N.W.2d 813 (2015). The district court sentenced McDonald to 4 to 6 years' imprisonment on count IV.

Under Neb. Rev. Stat. § 28-1202 (Reissue 2016), carrying a concealed weapon (count VI) is a Class I misdemeanor. A Class I misdemeanor, under Neb. Rev. Stat. § 28-106(1) (Reissue 2016), is punishable by imprisonment of not more than 1 year, a $1,000 fine, or both. There is no minimum sentence. The district court sentenced McDonald to 1 year's imprisonment on count VI.

The three sentences were ordered to be served concurrently. McDonald was also granted 11 days credit for time served. McDonald's sentences were clearly within the statutory limits. Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Smith*, 302 Neb. 154, 922 N.W.2d 444 (2019). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Neb. Rev. Stat. § 29-2260(3) (Reissue 2016) provides additional factors for a sentencing court to consider while determining whether to withhold a sentence of imprisonment:

(a) The crime neither caused nor threatened serious harm;

(b) The offender did not contemplate that his or her crime would cause or threaten serious harm;

(c) The offender acted under strong provocation;

(d) Substantial grounds were present tending to excuse or justify the crime, though failing to establish a defense;

(e) The victim of the crime induced or facilitated commission of the crime;

(f) The offender has compensated or will compensate the victim of his or her crime for the damage or injury the victim sustained;

(g) The offender has no history of prior delinquency or criminal activity and has led a law-abiding life for a substantial period of time before the commission of the crime;

(h) The crime was the result of circumstances unlikely to recur;

(i) The character and attitudes of the offender indicate that he or she is unlikely to commit another crime;

(j) The offender is likely to respond affirmatively to probationary treatment; and

(k) Imprisonment of the offender would entail excessive hardship to his or her dependents.

McDonald argues the district court abused its discretion by not giving proper weight and consideration to the factors of the caselaw and § 29-2260(3). We disagree.

At sentencing, the district court specifically listed the appropriate factors it is to take into consideration. Specifically, as it relates to its decision to impose a sentence of imprisonment, the district court noted:

I've considered whether the imposition of a jail or incarceration type sentence would impose an excessive hardship on any dependents that you might have, and the court has to take a look at the testing that was done, if it was done, in these kind of cases and the court has to take a look at three additional factors in deciding between a sentence of probation or a sentence in imprisonment. The first is whether a lesser sentence than imprisonment would depreciation [sic] from the seriousness of these offenses or promote a disrespect for the law. The second is whether the court finds that you are the type of offender in need of treatment that can best be provided in the correctional or institution type setting. The third is whether the court finds that there is a substantial risk that you would engage in additional criminal conduct if you were placed on a period of probation.

. . . .

There are a couple of things I wanted to comment on simply because they've come up before in the court and I think it's important that you hear these things from me, I know we've had issues in the past in other cases, this isn't the first time we've had this situation come up where Presentence Reports or Presentence Investigation have been scheduled for a day and people get there, don't get there, and whatever reason there is for that to have happened, what I wanted to tell you, Mr. McDonald, I take what I get and I use it the best that I can with the information that is presented to me. I will take you at your word that you

made those contacts and made efforts to try and reschedule the appointment on the issue of the Presentence Investigation.

The court went on to address McDonald's history with probation and the nature of the current offenses:

The concerns that I had as I was reviewing your [PSI] and considering what I needed to do in this matter, Mr. McDonald, are the issues related to prior probation orders and successfulness on those frankly one of the concerns that I have, any time I've got a weapon of any kind involved I think I have to take a look and see if there's a history of those kind of things. There's an issue at least one time in the past where you had the issue of a concealed weapon. So, I think that also has to play into the court's consideration.

The PSI in this case reveals that McDonald has an extensive criminal history, much of which involves similar offenses to the ones before us, including possession of controlled substances and firearms. The record is also clear that the district court considered all of the appropriate factors, in particular those relevant to whether a sentence of probation or imprisonment would be imposed. We also note that the district court sentenced McDonald near the low end of the statutory range and provided all the sentences were to be served concurrently. The record does not reflect that the court considered any improper factors, and we find that the district court did not abuse its discretion in imposing a determinate sentence of 1 year's imprisonment for the possession of a controlled substance and carrying a concealed weapon charges, and a sentence of 4 to 6 years' imprisonment for the attempted possession of a deadly weapon by a prohibited person.

## VI. CONCLUSION

We conclude that the record is insufficient to address McDonald's claim that his trial counsel was ineffective for failing to introduce mitigating evidence at sentencing. The rest of McDonald's ineffective assistance of counsel claims fail. We also find that the district court did not abuse its discretion in sentencing McDonald on each of the three counts where a prison sentence was imposed. McDonald's convictions and sentences are affirmed.

AFFIRMED.