Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/16/2019 12:07 AM CDT

State of Nebraska, appellee, v.
Jason P. Sinkey, appellant.
___ N.W.2d ___

Filed June 7, 2019.    No. S-18-717.

1.  **Convictions: Evidence: Appeal and Error.** In reviewing a criminal
    conviction for a sufficiency of the evidence claim, whether the evidence
    is direct, circumstantial, or a combination thereof, the standard is the
    same: An appellate court does not resolve conflicts in the evidence, pass
    on the credibility of witnesses, or reweigh the evidence; such matters
    are for the finder of fact. The relevant question for an appellate court
    is whether, after viewing the evidence in the light most favorable to the
    prosecution, any rational trier of fact could have found the essential ele-
    ments of the crime beyond a reasonable doubt.
2.  **Effectiveness of Counsel: Appeal and Error.** Whether a claim of inef-
    fective assistance of trial counsel may be determined on direct appeal
    is a question of law. In reviewing claims of ineffective assistance of
    counsel on direct appeal, an appellate court decides only whether the
    undisputed facts contained within the record are sufficient to conclu-
    sively determine whether counsel did or did not provide effective assist-
    ance and whether the defendant was or was not prejudiced by counsel's
    alleged deficient performance.
3.  **Effectiveness of Counsel: Postconviction: Records: Appeal and
    Error.** When a defendant's trial counsel is different from his or her
    counsel on direct appeal, the defendant must raise on direct appeal any
    issue of trial counsel's ineffective performance which is known to the
    defendant or is apparent from the record, otherwise, the issue will be
    procedurally barred in a subsequent postconviction proceeding.
4.  **Effectiveness of Counsel: Records: Appeal and Error.** The fact that
    an ineffective assistance of counsel claim is raised on direct appeal does
    not necessarily mean that it can be resolved. The determining factor is
    whether the record is sufficient to adequately review the question.

5. **Effectiveness of Counsel: Postconviction: Records: Appeal and Error.** In order to avoid a procedural bar to a future postconviction proceeding, a claim of ineffective assistance of counsel must be presented with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court.

Appeal from the District Court for Douglas County: W. Russell Bowie III, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Matthew J. Miller for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Heavican, C.J.

## INTRODUCTION

Jason P. Sinkey was convicted of two counts of first degree sexual assault of a child and one count of possession of a firearm by a prohibited person. He appeals. We affirm.

## FACTUAL BACKGROUND

Sinkey was charged on August 14, 2017, with two counts of first degree sexual assault of a child and one count of possession of a firearm by a prohibited person. The sexual assault charges arose from incidents occurring on July 10 and 11; the possession of a firearm by a prohibited person charge resulted from a firearm that was found in Sinkey's residence while members of law enforcement were executing a search warrant with respect to the sexual assault charges.

Sinkey was romantically involved with the mother of the 8-year-old victim, Z.P. Z.P. testified that on July 10, 2017, when her mother was out of the home, she was lying on her mother's bed with Sinkey. Z.P. testified that Sinkey told her to take her pants and underwear off, then touched her "privates," by both "st[icking] his tongue into [her] privates" and "lick[ing] his finger" and then rubbing her privates in the same place that he had used his tongue.

Z.P. testified that later that same day, July 10, 2017, Sinkey did the same thing: he "licked" with his tongue and with his finger. Z.P. also testified that Sinkey showed her his penis, which she described in a graphic manner, and asked her to touch it. Z.P. testified that Sinkey told her to keep these activities a secret and not tell her mother or he might go to jail and kill himself.

The next day, July 11, 2017, Z.P. testified that she was in the living room of the apartment she shared with her mother when Sinkey told her to remove her pants and underwear. Z.P. testified that on this occasion, Sinkey just touched her with his finger, which she said stayed outside of her. After this incident, Z.P.'s mother came home and Z.P. told her what Sinkey had done. Z.P. was instructed to take a shower; Z.P.'s mother then had a friend drive her and Z.P. to the police station to report the incident.

Sinkey was arrested later that same day on an outstanding warrant for failure to appear for a court hearing on a traffic offense. He was questioned by a detective with the Omaha Police Department. During the course of that interview, Sinkey admitted that he had licked Z.P.'s vagina and had touched her sexually.

A search of the crime scene was conducted. Following the issuance of a warrant, Sinkey's residence was also searched. During the search of Sinkey's residence, law enforcement found a rifle, ammunition, and other firearm-related items.

Other evidence offered showed that Sinkey had previously been convicted of a felony.

Following a jury trial, Sinkey was found guilty of both counts of first degree sexual assault of a child and one count of possession of a firearm by a prohibited person. Sinkey was sentenced to 55 to 70 years' imprisonment on each sexual assault conviction and 3 to 5 years' imprisonment for the possession of a firearm conviction. The sentence for the possession of a firearm conviction was ordered to be served consecutively to one count of sexual assault and concurrently with the other count of sexual assault. Sinkey appeals.

ASSIGNMENTS OF ERROR

On appeal, Sinkey assigns that (1) there was insufficient evidence to support his convictions and (2) his trial counsel was ineffective.

STANDARD OF REVIEW

[1] In reviewing a criminal conviction for a sufficiency of the evidence claim, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. The relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1]

[2] Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed

---

[1] *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019).

facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance.[2]

## ANALYSIS

*Sufficiency of Evidence.*

In his first assignment of error, Sinkey assigns that there was insufficient evidence to support his convictions.

We turn first to Sinkey's convictions for first degree sexual assault of a child. Sinkey contends that the State's allegation was based upon his admission to law enforcement that he "'lick[ed] an eight-year-old's vagina,'" but that his purported admission was not as "explicit or clear as a rational factfinder should require before passing on a defendant's guilt."[3] Sinkey asserts that other than his admission, the State's case rests solely on statements made by Z.P.

Sinkey's contention is without merit. He is correct in that the only evidence to support his convictions was Z.P.'s testimony that Sinkey "licked" and "rubbed" her vagina and Sinkey's confession that he "did lick her" and that he asked Z.P. to not tell anyone. But contrary to his assertion, this testimony is sufficient to support his convictions.

As is relevant on appeal, in order to prove the elements of sexual assault of a child, the State needed to prove that Sinkey subjected Z.P. to sexual penetration. Z.P. testified that on at least two occasions, Sinkey used his tongue in and around her vaginal area and that on three occasions, he used his finger to rub and touch Z.P.'s vaginal area. We review the evidence in a light most favorable to the State. This evidence was sufficient to prove that Sinkey subjected Z.P. to sexual

---

[2] *Id.*

[3] Brief for appellant at 11.

penetration, regardless of the content of Sinkey's statement to law enforcement.

In his brief, Sinkey asserts that there was insufficient evidence to support his conviction for possession of a firearm by a prohibited person. Other than that assertion, Sinkey makes no argument with respect to this assignment of error. We conclude that the assertion was inadequate to preserve this issue for appeal.[4]

The evidence was sufficient to support Sinkey's convictions. His first assignment of error is without merit.

*Ineffective Assistance of Counsel.*

In his second assignment of error, Sinkey contends that his trial counsel was ineffective by failing to adequately cross-examine certain witnesses at trial and failing altogether to cross-examine other witnesses. Sinkey specifically notes concerns with trial counsel's cross-examination of the detective and of the victim's mother. In addition, Sinkey argues that counsel was ineffective in failing to offer any testimony or evidence adverse to the State's defense or present any witnesses "who may have spoken to his client's positive traits or lack of propensity to commit acts like those alleged at trial."[5]

[3-5] When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record, otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding.[6] The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved.

---

[4] See *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014).

[5] Brief for appellant at 12.

[6] *State v. Mrza, supra* note 1.

The determining factor is whether the record is sufficient to adequately review the question.[7] In order to avoid a procedural bar to a future postconviction proceeding, a claim of ineffective assistance of counsel must be presented with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court.[8]

We conclude that Sinkey failed to allege ineffective assistance of counsel with sufficient particularity. Sinkey alleges that his defense counsel's performance was inadequate, but he fails to include allegations relating what counsel could have argued or done differently in Sinkey's defense. Sinkey also alleges that his counsel only "lightly" cross-examined the detective and the victim's mother,[9] but again, he fails to detail what questions should have been asked that would have contributed to his defense.

In sum, Sinkey alleged only neutral facts about the evidence presented at trial and the actions of defense counsel and then concluded that defense counsel's performance was deficient. Because Sinkey did not allege specific instances of counsel's ineffectiveness, there is no record upon which this court could decide these allegations. Accordingly, we conclude that Sinkey failed to sufficiently allege ineffective assistance of counsel.

## CONCLUSION

The judgment of the district court is affirmed.

AFFIRMED.

---

[7] *Id.*

[8] See *State v. Abdullah*, 289 Neb. 123, 853 N.W.2d 858 (2014).

[9] Brief for appellant at 15.