IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. WYRRICK

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JACOB S. WYRRICK, APPELLANT.

Filed August 6, 2019.    Nos. A-18-1078, A-18-1079.

Appeals from the District Court for Lancaster County: DARLA S. IDEUS, Judge. Affirmed.

Joseph D. Nigro, Lancaster County Public Defender, and Matthew Meyerle for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.

RIEDMANN, ARTERBURN, and WELCH, Judges.

WELCH, Judge.

## I. INTRODUCTION

Jacob S. Wyrrick appeals the sentences imposed on his plea-based convictions for fourth offense driving under the influence (DUI) and two counts of attempted possession of a controlled substance (heroin and alprazolam). He also alleges ineffective assistance of counsel. We find the district court did not abuse its discretion in the sentences imposed and that his claims of ineffective assistance of counsel fail.

## II. STATEMENT OF FACTS

Wyrrick was initially charged, in separate cases, with fourth offense DUI, a Class IIIA felony, and possession of heroin, a Class IV felony. Pursuant to a plea agreement, Wyrrick pled no contest to DUI and two counts of attempted possession of a controlled substance (heroin and alprazolam), Class I misdemeanors.

At an August 1, 2018 plea hearing, Wyrrick pled no contest to DUI. The State provided a factual basis stating that, in August 2017, during a traffic stop, Wyrrick appeared drunk, refused to submit to a preliminary breath test, and was arrested. When tested at the jail, his breath test result was .152 grams of alcohol per 210 liters of his breath. However, because the particular machine used to test Wyrrick had a margin of error of 5 percent, the State charged him as having a breath test result of .08 grams of alcohol per 210 liters of his breath. The court accepted Wyrrick's plea. Wyrrick's counsel told the court that they wanted to schedule a plea for the possession case, but that he wanted to collect prescription records to show the county attorney's office first. The court held an enhancement hearing immediately following Wyrrick's plea. The State presented certified copies of Wyrrick's three prior convictions for DUI. The court reserved ruling on enhancement until the sentencing hearing and, at that time, found that Wyrrick's DUI was a fourth offense as charged.

On August 28, 2018, Wyrrick pled no contest to two counts of attempted possession of controlled substance, specifically heroin and alprazolam. The factual basis provided by the State regarding the possession charges set forth that, in July 2017, police officers were dispatched to a disturbance and found Wyrrick in possession of heroin and alprazolam. Based on the court's inquiries, Wyrrick told the court that he understood he was giving up all defenses, that he had talked about all possible defenses with his counsel, that his counsel had done everything he had asked, and that he was very satisfied with his counsel. The court found him guilty, accepted his plea, ordered a presentence investigation report (PSR) be prepared, and set a sentencing hearing.

During the sentencing hearing, Wyrrick's counsel made brief statements to the court in which he referenced a letter attached to the PSR. The letter stated, among other things, that Wyrrick had submitted to a substance abuse evaluation, the evaluation recommended intensive outpatient treatment (IOP), and Wyrrick had complied with that recommendation.

Before announcing its sentences, the court stated:

[Y]ou do have a lengthy criminal history and most of those offenses have to do with drugs and alcohol. You are 43 years old and you are still using drugs and you are still driving under the influence. Fourth offense driving under the influence is very serious. What it tells me, sir, is that your prior opportunities at probation, prior fines, prior short jail sentences, that has not affected in deterring your behavior.

The court sentenced Wyrrick to 180 days' imprisonment on each attempted possession conviction with the sentences ordered to run concurrently. Further, the court sentenced Wyrrick to 18 months' imprisonment and 18 months' postrelease supervision on the fourth offense DUI conviction with this sentence ordered to run consecutively to the other sentences. Additionally, the court ordered the suspension of Wyrrick's driver's license for 15 years from the date of his release from custody. Wyrrick timely appeals, represented on appeal by different counsel than represented him at his plea and sentencing.

## III. ASSIGNMENTS OF ERROR

Wyrrick contends that the district court abused its discretion in imposing excessive sentences and that trial counsel provided ineffective assistance. In April 2019, the Nebraska

Supreme Court held that assignments of error on direct appeal regarding ineffective assistance of counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019). In *Mrza*, the court scoured the brief and inferred specific assignments of error, but stated it would not do so in the future. Following the Supreme Court's lead, we scour the brief for specificity because the brief was filed before *Mrza* was released.

Wyrrick alleges his trial counsel was ineffective in: (a) failing to prepare a defense to the possession of alprazolam; (b) failing to adequately prepare for sentencing; and (c) failing to advise him of his right to object to the terms of postrelease supervision.

## IV. STANDARD OF REVIEW

Appellate courts do not disturb sentences imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Meduna*, 18 Neb. App. 818, 794 N.W.2d 160 (2011). An abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *State v. Russell*, 299 Neb. 483, 908 N.W.2d 669 (2018).

When a defendant's appellate counsel is different from his trial counsel, all issues of ineffective assistance of counsel that are known to defendant or are apparent from the record should be raised on direct appeal, or they will be procedurally barred. *State v. McGuire*, 299 Neb. 762, 910 N.W.2d 144 (2018).

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Sinkey*, 303 Neb. 345, 929 N.W.2d 35 (2019). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*. If an evidentiary hearing is required, then the claim will not be addressed on appeal. *State v. Hill*, 298 Neb. 675, 905 N.W.2d 668 (2018).

## V. ANALYSIS

### 1. EXCESSIVE SENTENCE

Wyrrick argues that the district court abused its discretion by imposing excessive sentences.

Fourth offense DUI is a class IIIA felony punishable by 0 to 3 years' imprisonment with 9 to 18 months' postrelease supervision if imprisonment is imposed, and/or a $10,000 fine. See, Neb Rev. Stat. § 28-105 (Reissue 2016); Neb. Rev. Stat. § 60-6,197.03(7) (Cum. Supp. 2018). However, fourth offense DUI also carries a minimum of 180 days' imprisonment as well as other mandatory penalties which Wyrrick does not contest. See § 60-6,197.03(7). Wyrrick was sentenced to 18 months' imprisonment and 18 months' postrelease supervision, in addition to the other mandatory penalties which sentence is within the statutory sentencing range.

Wyrrick was also convicted of two counts of attempted possession of a controlled substance. Neb. Rev. Stat. § 28-201 (Reissue 2016) (attempt); Neb. Rev. Stat. § 28-416(3) (Reissue 2016). Wyrrick was sentenced to 180 days' imprisonment on each count of attempted possession

of a controlled substance which is within the statutory sentencing range for Class I misdemeanors which are punishable by 0 to 1 year of imprisonment and/or a $1,000 fine. See Neb. Rev. Stat. § 28-106 (Reissue 2016).

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Wofford*, 298 Neb. 412, 904 N.W.2d 649 (2017). When imposing a sentence, the sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observations of the defendant's demeanor and attitude and all of the facts and circumstances surrounding the defendant's life. *Id*.

At the time that the PSR was prepared, Wyrrick was 43 years old, had not completed high school, but had a steady employment history. His criminal history included convictions for possession of marijuana (six convictions), driving under the influence, careless driving, unlawful possession of explosive materials, attempted possession of a controlled substance, and numerous other traffic violations. He had been sentenced to probation twice and had that probation revoked both times. The level of service/case management inventory (LS/CMI) placed Wyrrick at a high risk to reoffend. Wyrrick admitted to having issues with alcohol and to using several illegal drugs. Wyrrick's counsel provided a letter to the court setting forth that Wyrrick had obtained a substance abuse evaluation, which was provided for the court's review, and informed the court that Wyrrick was attending intensive outpatient treatment.

At the sentencing hearing, the district court specifically noted that Wyrrick had "a lengthy criminal history and most of those offenses have to do with drugs and alcohol." The court further stated that it found that short jail sentences and other punishments had not deterred Wyrrick, noting that this was his fourth DUI conviction.

Based upon the fact that the sentences imposed were within the relevant statutory sentencing ranges, the benefit Wyrrick received from his plea agreement, his high risk to reoffend, his criminal history, and his prior unsuccessful attempts at probation, the sentences imposed were not an abuse of discretion.

### 2. INEFFECTIVE ASSISTANCE OF COUNSEL

Wyrrick also claims his trial counsel was ineffective in (a) failing to prepare a defense to the possession of the alprazolam, (b) failing to adequately prepare for sentencing, and (c) failing to advise him of his right to object to the terms of postrelease supervision.

A claim of ineffective assistance of counsel need not be dismissed merely because it is made on direct appeal. *State v. Casares*, 291 Neb. 150, 864 N.W.2d 667 (2015). The determining factor is whether the record is sufficient to adequately review the question. *Id.* When the claim is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant

must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id.*

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. Casares, supra.* To show prejudice under the prejudice component of the Strickland test, there must be a reasonable probability that but for the deficient performance, the result of the proceeding would have been different. *State v. Robinson*, 287 Neb. 606, 843 N.W.2d 672 (2014).

Appellate courts have generally reached ineffective assistance of counsel claims on direct appeal only in those instances where it was clear from the record that such claims are without merit or in the rare case where trial counsel's error was so egregious and resulted in such a high level of prejudice that no tactic or strategy could overcome the effect of the error, which effect was a fundamentally unfair trial. *Id.* An ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice. *Id.*

(a) Failure to Prepare Defense

Wyrrick first alleges his trial counsel was ineffective for failing to prepare a defense to attempted possession of alprazolam. He claims he had a prescription for alprazolam, he notified trial counsel of the prescription, and trial counsel failed to properly investigate and obtain the prescription. Here, the charge of attempted possession of alprazolam was added to the amended information as part of the plea agreement.

At the plea hearing for DUI, trial counsel informed the court on the record that he needed some time prior to the next plea hearing "to collect prescription records and show those to the County Attorney's Office." At the plea hearing for the attempted possession of heroin and attempted possession of alprazolam, Wyrrick acknowledged that he understood he would give up the right to make any defense to the charges. The court asked and he answered the following questions:

THE COURT: Have you discussed these charges and all possible defenses with [your attorney]?

THE DEFENDANT: I think so, Your Honor, yes.

THE COURT: Has he explained to you what the State of Nebraska would need to prove beyond a reasonable doubt in order to convict you of attempted possession of [a] controlled substance?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Have you told him everything you know about this case?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Is there anything that could help your case that you have not shared with him?

THE DEFENDANT: No, Your Honor.

THE COURT: Are you satisfied with the job that he was done?

THE DEFENDANT: Very much.

THE COURT: Is there anything you asked him to do that he failed or refused to do?

THE DEFENDANT: No.

At the time Wyrrick pled guilty to attempted possession of alprazolam, which was part of a negotiated plea deal in his case, he was clearly aware of any defense that he had to the charged offense. Further, the record affirmatively refutes Wyrrick's claim that counsel was ineffective for failing to prepare a defense to the alprazolam charge by failing to obtain possession of a prescription. Based on Wyrrick's own on-the-record statements, Wyrrick acknowledged he had discussed all possible defenses with his counsel, his counsel did everything that he asked, and he was satisfied with his counsel's representation. Arguing now that his counsel failed to collect prescription records as a defense to the attempted possession of alprazolam charge stands in stark contrast to Wyrrick's specific representations to the trial court. Accordingly, the record affirmatively refutes this claim of ineffective assistance of counsel.

(b) Failure to Prepare for Sentencing

Wyrrick also contends that his trial counsel was ineffective "for failing to adequately prepare his cases for sentencing, and failing to include all relevant information in the [PSR] for purposes of sentencing." Brief for appellant at 16. Specifically, Wyrrick contends that his trial counsel failed to inform the court that he was participating in IOP and had only 2 weeks left to complete the program.

A similar argument was raised in *State v. St. Cyr*, 26 Neb. App. 61, 916 N.W.2d 753 (2018), in which the appellant claimed that his trial counsel was ineffective because counsel "failed to utilize all means available to place mitigating evidence before the sentencing court, prior to sentencing" and that "[i]t is conceivable that had trial counsel done so," then "a more appropriate sentence would have been imposed." *Id*. at 73, 916 N.W.2d at 763. This court found, in that case, that trial counsel was not deficient:

> But even if trial counsel was deficient, St. Cyr cannot establish prejudice based on his counsel's failure to offer mitigating factors. The court read the presentence investigation report which, as set forth previously in this opinion, went into great detail about St. Cyr's background and the struggles he had encountered. Even in light of this information, the sentence imposed was not excessive, as we have concluded. The result of the proceeding would not have been different had counsel offered additional information regarding St. Cyr's social background, capabilities, rehabilitative needs, and mental, emotional, and physical health. Considering the circumstances of the offense, St. Cyr's criminal history, and his history of alcohol abuse, argument from counsel or other information reiterating the same background factors that St. Cyr himself provided would not have resulted in a lesser sentence. Because St. Cyr cannot show prejudice, his claim of ineffective assistance of counsel fails.

*Id.* at 75, 916 N.W.2d at 764.

Similarly, in the instant case, Wyrrick's PSR set forth Wyrrick's struggles with alcohol and controlled substances, his substance abuse evaluation, and his attendance participating in IOP. The district court noted that it had reviewed the PSR, the letter from Wyrrick's trial counsel, and Wyrrick's substance abuse evaluation. As we previously set forth in this opinion, the sentence imposed by the district court was not an abuse of discretion and, even if Wyrrick's trial counsel had informed the district court that Wyrrick had 2 weeks remaining in IOP, the result of the proceeding would not have been different. The district court had already considered Wyrrick's participation in IOP and his substance abuse evaluation, in determination of Wyrrick's sentences, as well as his "lengthy criminal history" of which most offenses involved drugs and alcohol. Further the court noted that, at 43 years old, Wyrrick was still using drugs, still driving under the influence, and that prior opportunities at probation and short jail sentences had not succeeded in deterring his behavior. Because the information that Wyrrick had 2 weeks left to complete his IOP, even if provided to the district court, would not have resulted in a lesser sentence, Wyrrick cannot show prejudice and thus, his claim of ineffective assistance of counsel on this basis fails.

### (c) Terms of Postrelease Supervision

Third, Wyrrick claims that his trial counsel was ineffective for failing to advise him of his right to object to the terms of his postrelease supervision. However, Wyrrick does not specify which terms of his postrelease supervision that were objectionable. There is no good reason why Wyrrick would not be able to identify and allege on direct appeal which postrelease supervision conditions he would have objected to if trial counsel had advised him of his right to do so. Because Wyrrick has not stated with particularity which postrelease conditions he would have objected to and the basis for those objections, he has failed to state with sufficient particularity the basis of his claim. See *State v. Abdullah,* 289 Neb. 123, 853 N.W.2d 858 (2014) (holding, by definition, claim insufficiently stated is no different than claim not stated at all). Having failed to state this claim with sufficient particularity, Wyrrick's claim fails.

### VI. CONCLUSION

In sum, we affirm Wyrrick's convictions and sentences. We further find that Wyrrick's ineffective assistance of counsel claims fail.

AFFIRMED.