IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. REDLIGHTNING

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CHRISTOPHER D. REDLIGHTNING, APPELLANT.

Filed November 3, 2020.    No. A-20-023.

Appeal from the District Court for Merrick County: RACHEL A. DAUGHERTY, Judge. Affirmed.

Brandi J. Yosten, of Yosten Law, L.L.C., for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

PIRTLE, BISHOP, and WELCH, Judges.

PIRTLE, Judge.

## I. INTRODUCTION

Christopher D. Redlightning appeals his plea-based convictions and sentences in the district court for Merrick County for one count of attempted first degree sexual assault of a child and one count of attempt to induce/authorize a child to participate in pornography. He claims that his sentences are excessive and that his trial counsel provided ineffective assistance. Based on the reasons that follow, we affirm.

## II. BACKGROUND

On October 10, 2018, the State charged Redlightning with five counts of first degree sexual assault of a child, two counts of inducing/authorizing a child to participate in pornography, one count of generation of child pornography, one count of enticement by electronic communication device, and one count of first degree sexual assault.

- 1 -

On October 21, 2019, pursuant to a plea agreement, the State amended one of the counts of first degree sexual assault of a child to attempted sexual assault of a child and amended the count of inducing/authorizing a child to participate in pornography to attempted inducing/ authorizing a child to participate in pornography. The State dismissed the remaining counts. Redlightning pled no contest to the amended charges.

At the plea hearing, before accepting Redlightning's no contest pleas, the district court advised him that he was giving up certain constitutional rights by entering a plea, which included the right to confront witnesses against him, the right to a jury trial, and the privilege against self-incrimination. The court also advised him that he had the right to be represented by an attorney at all stages of the criminal proceeding. The court further advised him of the charges against him and the range of penalties. Redlightning stated that he understood the rights he was giving up as well as the charges against him and the possible penalties. Redlightning indicated to the court that he had sufficient time to discuss the case with his attorney prior to the hearing, that they had spoken about all possible defenses, and that he was satisfied with his attorney and felt he had properly represented him.

The State provided a factual basis to support Redlightning's no contest pleas. In summary, the State would have provided evidence at trial that showed Redlightning performed sexual acts with a 15-year-old minor child, that such acts included vaginal penetration of the minor child by Redlightning, and that Redlightning recorded numerous videos of himself and the minor child while he performed sexual acts on her.

The district court found beyond a reasonable doubt that Redlightning understood the nature of the amended charges to which he pled no contest; that he understood the possible penalties; that the pleas were made freely, knowingly, intelligently, and voluntarily; and that there was a sufficient factual basis to support the pleas. The court accepted Redlightning's pleas and found him guilty on both counts. The court ordered a presentence investigation and scheduled sentencing.

On January 6, 2020, a sentencing hearing was held. The district court sentenced Redlightning to a term of 20 to 30 years' imprisonment on each count and ordered the sentences to be served concurrently. He was given 552 days of credit for time served.

## III. ASSIGNMENTS OF ERROR

Redlightning assigns that the district court abused its discretion in imposing excessive sentences. He also assigns that his trial counsel was ineffective.

## IV. STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving the litigant of a substantial right and denying just results in matters submitted for disposition. *Id.*

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Vanness*, 300 Neb. 159, 912 N.W.2d 736 (2018). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether

the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

## V. ANALYSIS

### 1. EXCESSIVE SENTENCES

Redlightning argues that the district court imposed excessive sentences. Redlightning was convicted of one count of attempted first degree sexual assault of a child in violation of Neb. Rev. Stat. §§ 28-319.01(1)(b) and 28-201 (Reissue 2016) and one count of attempt to induce/authorize a child to participate in pornography in violation of Neb. Rev. Stat. §§ 28-1463.03(3) and 28-201 (Reissue 2016), both Class II felonies. The maximum penalty for a Class II felony is 50 years' imprisonment and minimum penalty is 1 year's imprisonment. Neb. Rev. Stat. § 28-105 (Reissue 2016). Redlightning was sentenced to 20 to 30 years' imprisonment on both counts. These sentences are well within the statutory limits.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Smith*, 302 Neb. 154, 922 N.W.2d 444 (2019). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Because the sentences were within the statutory limits, the question is whether the district court abused its discretion. Redlightning argues that the district court failed to consider certain mitigating circumstances, such as his history of "addiction and childhood trauma." Brief for appellant at 14. Redlightning also claims that at the time he entered into a sexual relationship with the victim in this case, he believed her to be older than 15 years. However, the court did consider Redlightning's prior history of addiction and abuse. Prior to pronouncing its sentence, the court stated it had considered all of the evaluations and reports of the probation office as well as Redlightning's own statements, which were contained in the presentence report. The record also reflects that the court found Redlightning expressed limited remorse and lacked insight into the long-lasting harm he had caused to the victim.

As to Redlightning's alleged mistake about the victim's age, this is not a mitigating factor for sentencing purposes. Consent or reasonable mistake as to the age of the victim is not a defense to first degree sexual assault under Neb. Rev. Stat. § 28-319 (Reissue 2016). *State v. Heitman*, 262 Neb. 185, 629 N.W.2d 542 (2001).

The record reflects that the district court considered the appropriate factors in deciding Redlightning's sentences. There is no indication that the district court took into consideration any

inappropriate factors in reaching its sentencing determination. Therefore, the sentences imposed by the district court do not constitute an abuse of discretion.

## 2. INEFFECTIVE ASSISTANCE OF COUNSEL

Redlightning next assigns that his trial counsel provided ineffective assistance. Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). Thus, when a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *Id.*

Redlightning has different counsel on direct appeal than he did at trial. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *Id.* An appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance when raising an ineffective assistance claim on direct appeal. *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014). General allegations that trial counsel performed deficiently or that counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal and thereby preserve the issue for later review. *Id.*

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *State v. Blaha, supra*. When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* The two prongs of the ineffective assistance of counsel test under *Strickland* may be addressed in either order. *State v. Blaha, supra*.

The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. The determining factor is whether the record is sufficient to adequately review the question. *State v. Sinkey*, 303 Neb. 345, 929 N.W.2d 35 (2019).

Redlightning asserts that he received ineffective assistance of trial counsel when his counsel: (1) failed to advise Redlightning of his right to seek judicial review of admissibility of evidence collected by law enforcement, (2) failed to take depositions to question the foundation of messages and alleged visual depictions used as evidence, (3) failed to take depositions of four named individuals to question the validity of the allegations against Redlightning, and (4) failed to fully discuss, identify and preserve evidence. We address each of Redlightning's allegations in turn.

### (a) Failure to Advise of Right to Seek Judicial Review
### of Evidence and to File Motion to Suppress

Redlightning first argues that he was denied effective assistance of counsel when his trial counsel failed to advise him of his right to seek judicial review of the admissibility of evidence collected by law enforcement. More specifically, he alleges that his trial counsel did not inform him that he had a right to challenge this evidence and also that his trial counsel should have filed a motion to suppress evidence related to social media and text messages Redlightning sent to the victim. Redlightning also argues that his counsel was ineffective for failing to file a motion to suppress incriminating messages and visual depictions found on his phone. We discuss both arguments within this section.

With respect to Redlightning's assertion that his counsel failed to inform him of his right to challenge the admissibility of evidence at trial, this is refuted by the record. At the plea hearing, Redlightning's counsel explicitly stated he had discussed Redlightning's right to file a motion to suppress as well as "other potential suppression issues." When the district court asked Redlightning if he was waiving his right to contest the admissibility of any items that were seized from him by law enforcement, he answered that he was. Because it is clear that Redlightning's trial counsel was not deficient in this respect, this claim of ineffective assistance of trial counsel fails.

However, Redlightning also argues that his trial counsel was ineffective because he failed to file a motion to suppress certain electronic evidence. He suggests counsel might have filed such a motion based on foundational issues and on discrepancies found within law enforcement records. However, Redlightning has not sufficiently pled this allegation. He does not specifically identify what evidence should have been subject to a motion to suppress--either testimony about the electronic evidence, which he suggests was lost, or the electronic evidence itself. Moreover, he does not specify what foundational grounds his trial counsel should have advanced in a motion to suppress. As such, we determine that this allegation of deficient conduct has not been pled with the specificity necessary to avoid a future procedural bar.

### (b) Failure to Take Depositions Concerning
### Foundation of Certain Evidence

Redlightning next contends that his trial counsel was ineffective by failing to take depositions of potential witnesses from Snap, Inc. (Snapchat), Whispertext, L.L.C., or cell phone providers. Redlightning alleges these depositions would have provided information related to the foundation of any communications between himself and the victim. However, he does not allege any foundational concerns specific to the evidence in this case, nor how depositions would have yielded information directly related to such concerns. This argument is largely speculative. We determine that this allegation of ineffective assistance of counsel is insufficiently pled.

### (c) Failure to Take Depositions Concerning Validity
### of Allegations Against Redlightning

Redlightning argues that his trial counsel was ineffective for failing to depose four witnesses: Keith Ikohoff, Dalton Mitchell, Brian Hier, and Jake Bauer. He contends these

depositions would have provided essential information related to the credibility of the victim and of other witnesses. This allegation is also insufficiently pled. Redlightning does not explain with specificity what information he might have gained via deposing these individuals, nor specify how each named individual was related to the State's case. It is not enough to merely assert that his trial counsel failed to take depositions of four named witnesses. Accordingly, we determine that this allegation of deficient conduct has not been pled with the specificity necessary to avoid a future procedural bar.

### (d) Failure to Discuss, Identify, and Preserve Evidence

Redlightning's final assignment of ineffective assistance of counsel is that his trial counsel failed to discuss, identify, and preserve evidence. Specifically, he contends his counsel failed to file a motion to preserve electronic communications between Redlightning and the victim. Redlightning argues that if this evidence had been preserved, he "would have been able to discuss and identify the evidence and also evaluate his ability to challenge the admissibility of said evidence." Brief for appellant at 26.

With respect to this claim, Redlightning has not pled deficient performance on the part of his trial counsel, because he does not allege what actions his counsel could have taken to avoid this loss of evidence. The factual basis offered by the State at the plea hearing indicates that in spite of law enforcement's best efforts, evidence from the victim's cell phone was no longer available and could not be retrieved. Redlightning does not explain how filing a motion to preserve evidence would have been likely to be successful nor how it might have prevented this loss from happening. Neither does he explain how his counsel's failure to file a motion to preserve evidence impacted his ultimate decision to enter a plea rather than go to trial. We conclude that Redlightning has not pled this claim of deficient performance with sufficient specificity to avoid a procedural bar.

## VI. CONCLUSION

We conclude that the district court did not abuse its discretion in sentencing Redlightning to 20 to 30 years' imprisonment on each count and that his sentences were not excessive. We also find that all of Redlightning's claims of ineffective assistance of counsel are either insufficiently pled or fail to establish deficient performance and prejudice under *Strickland v. Washington, supra*. Redlightning's convictions and sentences are affirmed.

AFFIRMED.