IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MILLER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MICHAEL S. MILLER, APPELLANT.

Filed March 30, 2021.   Nos. A-20-433, A-20-434.

Appeals from the District Court for Douglas County: GREGORY M. SCHATZ, Judge. Affirmed.

Joseph Kuehl, of Lefler, Kuehl & Burns, for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

BISHOP, ARTERBURN, and WELCH, Judges.

WELCH, Judge.

## I. INTRODUCTION

Michael S. Miller appeals his plea-based convictions for theft by receiving, $5,000 or more, and possession of a firearm by a prohibited person. He contends that the sentences imposed are excessive and that his trial counsel was ineffective in various ways. For the reasons set forth herein, we affirm.

## II. STATEMENT OF FACTS

In case No. CR 19-3142, Miller was charged with three counts of theft by receiving in the amount of $5,000 or more, Class IIA felonies; and one count of theft by receiving in the amount of $1,500 to $5,000, a Class IV felony. In case No. CR 19-4517, Miller was charged with possession of a firearm by a prohibited person, a Class ID felony; and possession of a stolen

firearm, a Class IIA felony. All of the offenses were alleged to have occurred on or about July 31, 2019.

Pursuant to a plea agreement, in case No. CR 19-3142, Miller pled no contest to one count of theft by receiving in the amount of $5,000 or more, a Class IIA felony, and in case No. CR 19-4517, he pled no contest to the charge of possession of a firearm by a prohibited person, a Class ID felony. The remaining charges in both case Nos. CR 19-3142 and CR 19-4517 were dismissed by the State. As part of the plea agreement, the State also agreed not to charge the offenses as second offenses.

According to the factual basis provided by the State at the plea hearing in case No. CR 19-3142, officers responded to Miller's residence based on a report of suspicious activity. Upon the officers' arrival, Miller was present at the residence. Miller's mother told the officers that Miller and his friends had been bringing vehicles to her residence and she consented to a search. Officers located multiple stolen vehicles on the property which Miller said he was repairing for friends; however, Miller acknowledged that a Bobcat skid loader owned by J.R. Barger & Sons valued at $20,000 was stolen.

According to the factual basis provided by the State at the plea hearing in case No. CR 19-4517, officers, who were aware that Miller had warrants for his arrest, located Miller at an impound lot where Miller was picking up a vehicle. When Miller saw police, he tossed a stolen gun that was in his vehicle in the back of a city vehicle that was also in the impound lot. A certified copy of Miller's 1996 felony conviction for possession of a firearm by a felon was offered and received into evidence.

At the sentencing hearing, the district court stated it had reviewed the presentence investigation report (PSR), noted there were other stolen vehicles in Miller's possession as reflected in the charges that were dismissed, and that Miller's criminal history encompassed more than 7 pages in the PSR. The court further stated:

in quoting the probation office regarding [Miller's] criminal history: ["]As an adult, [Miller] has felony convictions for accessory to burglary, burglary, [the] present case represents his third felony theft-related conviction, [and] second conviction for possession of a firearm by a felon. He's got felony drug-related convictions, one of which is at the federal level, and so forth. He's been placed on probation in the State of Nebraska twice, one unsatisfactorily terminated, the other revoked. He was sentenced to federal prison once in 1999 to 2003.["]

But suffice it to say, [Miller's] criminal history is quite extensive, and, of course, [Miller] is not eligible because of the convictions in this case for probation.

. . . .

And [the] Court notes that regarding the firearm, this is his second offense of possession of a firearm by a felon. This involved a 9mm loaded handgun that [Miller] had in his possession for which he was convicted. So because it's his second offense, the Court finds that a consecutive sentence is called for under the circumstances.

In case No. CR 19-4517, the district court sentenced Miller to 10 to 12 years' imprisonment for possession of a firearm by a prohibited person with a mandatory minimum of 3 years' imprisonment. The court also noted Miller received credit for 227 days served. In case No.

CR 19-3142, the district court sentenced Miller to 4 to 5 years' imprisonment for theft by receiving in an amount of $5,000 or more with credit for 11 days served. The court ordered the sentences to run consecutively. Miller has timely appealed to this court and is represented by different counsel than represented him during his plea and sentencing.

## III. ASSIGNMENTS OF ERROR

Miller contends that: (1) the sentences imposed were excessive; and (2) trial counsel was ineffective in (a) failing to interview any witnesses and/or securing the arresting officers' body cam footage; (b) in not being physically able to take his case to a jury trial; and (c) in failing to file any motions and/or make any challenge to the State's evidence.

## IV. STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Clausen*, 307 Neb. 968, 951 N.W.2d 764 (2020). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Senteney*, 307 Neb. 702, 950 N.W.2d 585 (2020).

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Collins*, 307 Neb. 581, 950 N.W.2d 89 (2020). An appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id.*

## V. ANALYSIS

### 1. EXCESSIVE SENTENCES

Miller was convicted of possession of a firearm by a prohibited person, a Class ID felony, and was sentenced to 10 to 12 years' imprisonment with a mandatory minimum of 3 years' imprisonment. This sentence is within the statutory sentencing range for Class ID felonies which are punishable by a mandatory minimum of 3 years' imprisonment and a maximum of 50 years' imprisonment. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020).

Miller was also convicted of theft by receiving in the amount of $5,000 or more, a Class IIA felony, and was sentenced to 4 to 5 years' imprisonment. This sentence is within the statutory sentencing range for Class IIA felonies which are punishable by no imprisonment to a maximum of 20 years' imprisonment. *Id.*

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Stack*, 307 Neb. 773, 950 N.W.2d 611 (2020). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7)

the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. However, the sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Gray*, 307 Neb. 418, 949 N.W.2d 320 (2020).

At the sentencing hearing, the district court stated it had considered the information contained in the PSR. At the time of the preparation of the PSR, Miller was 46 years old, divorced, with 4 dependents. Miller's adult criminal history includes convictions for 4 counts of operating a motor vehicle during suspension, 2 counts of felony possession of a controlled substance, 2 counts of failure to appear, felony accessory to burglary, burglary, felony possession of a deadly weapon by a prohibited person, conspiracy of possession and intent to distribute methamphetamine, disorderly conduct, theft by receiving an altered item, and various other minor and traffic offenses. Miller had been placed on probation in Nebraska twice with one term of probation unsatisfactorily terminated and the other revoked. Miller was sentenced to federal prison one time. The level of service/case management inventory assessed Miller as a high risk to reoffend. Additionally, Miller received a substantial benefit from his plea agreement in which 3 Class IIA felonies and 1 Class IV felony were dismissed.

Based upon the factors that the sentences imposed were within the relevant statutory sentencing ranges, the substantial benefit Miller received from his plea agreement, his criminal history, and his high risk to reoffend, the district court did not abuse its discretion in the sentences imposed.

## 2. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Miller's next assigned error is that his trial counsel was ineffective in (a) failing to interview any witnesses and/or securing the arresting officers' body cam footage; (b) in not being physically able to take his case to a jury trial; and (c) in failing to file any motions and/or make any challenge to the State's evidence.

When a defendant's trial counsel is different from his or her counsel on direct appeal, as is the case here, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. See *State v. Sinkey*, 303 Neb. 345, 929 N.W.2d 35 (2019). Otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *Id*.

The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean it can be resolved. The determining factor is whether the record is sufficient to adequately review the question. *Id*. In order to avoid a procedural bar to a future postconviction proceeding, a claim of ineffective assistance of counsel must be presented with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court. *Id*.

Appellate courts have generally reached ineffective assistance of counsel claims on direct appeal only in those instances where it was clear from the record that such claims were without merit or in the rare case where trial counsel's error was so egregious and resulted in such a high

level of prejudice that no tactic or strategy could overcome the effect of the error, which effect was a fundamentally unfair trial. *State v. Weathers*, 304 Neb. 402, 935 N.W.2d 185 (2019). An ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *State v. Sierra*, 305 Neb. 249, 939 N.W.2d 808 (2020).

When a claim of ineffective assistance of trial counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020). General allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal. *State v. Weathers, supra*. An ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice. *Id.*

(a) Failure to Interview Witnesses

Miller's first claim of ineffective assistance of trial counsel is that counsel was ineffective in failing to interview any witnesses. Specifically, regarding possession of a firearm by a felon (case No. CR 19-4517), Miller contends that:

> Trial counsel failed to interview any of the witnesses who were at the scene and could have provided testimony regarding [Miller's] knowledge or lack thereof regarding the gun in this matter. The names of those witnesses are Cheyenne McDaniels, Sonja WhiteEagle, and Janet Miller. A woman by the name of Michaela Danielson (according to Miller) will claim that the gun in question was her gun and was in no way possessed by [Miller]. Those names were readily provided to the undersigned by [Miller] and presumably were so to trial counsel. However, they were not contacted and/or interviewed by trial counsel, effectively gutting any real defense or development of a defense on behalf of [Miller]. The failure to interview or investigate the claims by [Miller] specifically regarding . . . Danielson may have quite directly [cost Miller] 10-12 years of his life.

Brief for appellant in No. A-20-434 at 9-10.

Here, although Miller specifies the names of three witnesses he contends his trial counsel should have interviewed -- McDaniels, WhiteEagle, and Janet Miller -- he does not plead with particularity a description of any testimony those witnesses might have provided. The relevant portion of Neb. Rev. Stat. § 28-1206 (Cum. Supp. 2018) provides as follows: "(1) A person commits the offense of possession of a deadly weapon by a prohibited person if he or she: (a) Possesses a firearm, a knife, or brass or iron knuckles and he or she: (i) Has previously been convicted of a felony." Miller's assignment of error appears to relate to the element of possession.

In *State v. Valentine*, 27 Neb. App. 725, 746, 936 N.W.2d 16, 31 (2019), this court held that the pattern jury instruction provided to the jury in that case correctly defined the term "possession" in connection with possession of a firearm by a prohibited person as follows: "'Possession' means either knowingly having it on one's person or knowing of the object's presence and having control over the object."

In that regard, a general statement that these witnesses "could have provided testimony regarding [Miller's] knowledge or lack thereof regarding the gun in this matter" provides a

nonparticular allegation about one element of the offense that is broad and conclusory. "Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance." *State v. Lowman*, 308 Neb. 482, 497, 954 N.W.2d 905, 919 (2021). The factual basis in the record that supported Miler's plea indicated police observed Miller remove the gun from the vehicle he was driving and throw it into another vehicle located at the impound lot where Miller was located once police arrived. Stating that these witnesses would testify to Miller's "knowledge or lack thereof regarding the gun in this matter" provides no particularity as to the specific factual basis which supported the plea and, correspondingly, how Miller's trial counsel would have been ineffective in failing to pursue it. See, e.g., *State v. Hill*, 298 Neb. 675, 700, 905 N.W.2d 668, 687 (2018) (holding ineffective assistance of counsel claim for failing to call mother as alibi witness who would have testified she "knew that [defendant] was home" did not provide basis as to how she knew defendant was home and was insufficiently pled). Similarly, having failed to provide specifically what these witnesses would have divulged if further investigated in relation to the alleged crime and eventual plea was critical to preserving this assignment for further proceedings. Having failed to so particularize the allegation, Miller is in essence asking this court to conduct a future discovery hearing to determine if anywhere in this wide world there is some evidence favorable to his position. See *Hill, supra*. As such, the allegations are insufficient to preserve this claim for later proceedings and this assignment fails.

Regarding Miller's claim that his trial counsel should have interviewed Danielson who would claim that the gun in question was her gun and was not possessed by Miller, we find that part of this pleading is not stated with particularity, and the part that has been stated with particularity can be decided on the record. Providing that Danielson would testify it was her gun is a particularly stated allegation that was sufficiently pled. As to that statement, we find the record indicates Miller cannot establish prejudice because the ownership of the gun is not an element of the offense of possession of a firearm by a felon. As to that portion of the allegation that Danielson would claim the gun was not possessed by Miller, we find that statement provides a non-particular allegation directed again toward the element of possession but is broad and conclusory. As explained above, by failing to describe the substance of this testimony as it relates to the factual basis that supported this offense and Miller's plea, this claim does not adequately describe how Miller's trial counsel was ineffective for failing to pursue it and it is not preserved for postconviction proceedings.

Regarding the charged offense of theft by receiving in the amount of $5,000 or more (case No. CR 19-3142), Miller similarly argued in his brief that:

> In this matter, trial counsel failed to interview any of the witnesses who were at the scene and could have provided testimony regarding [Miller's] knowledge or lack thereof regarding the stolen items. The names of those witnesses are Cheyenne McDaniels, Sonja WhiteEagle, and Janet Miller. Those names were readily provided to the undersigned by [Miller] and presumably were so to trial counsel. However, they were not contacted and/or interviewed by trial counsel, effectively gutting any real defense or development of a defense on behalf of [Miller].

Brief for appellant in No. A-20-433 at 9-10.

As we mentioned above, although Miller specifies the names of three witnesses that he contends his trial counsel should have interviewed -- McDaniels, WhiteEagle, and Janet Miller -- he does not supply a particularized description of any testimony they might have provided. Stating that these witnesses could have provided testimony regarding Miller's knowledge or lack thereof of the stolen items is a vague and conclusory allegation lacking in particularity as it relates to the specific factual basis which supported the crime which occurred during Miller's plea hearing. Thus, Miller has failed to plead this allegation with sufficient particularity and it is not preserved.

We also note Miller failed in all of the aforementioned allegations of ineffective assistance of counsel to affirmatively allege that the names of the aforementioned witnesses were actually provided to trial counsel. Rather, he alleges the names of the witnesses were readily provided to appellate counsel "and presumably were so to trial counsel." Without an affirmative allegation that trial counsel was provided the names of these witnesses, Miller's allegation that trial counsel was ineffective in failing to contact or interview them, fails to state with particularity an ineffective act by Miller's counsel in that it represents a speculative indication of what "potentially" may have occurred. Having failed to plead that Miller provided his counsel with the names of these witnesses, this provides an independent basis for our ruling that Miller failed to state his claim with particularity.

### (b) Failure to Secure or Obtain Body Cam Footage

Next, Miller claimed his trial counsel was ineffective for failing to secure or obtain body cam footage from the arresting officers. Regarding his conviction for possession of a firearm by a felon (case No. CR 19-4517), Miller claimed that the "body cam footage would have provided evidence regarding the circumstances of how the gun was found on [Miller] and his claims regarding such. Instead, because of trial counsel's lack of effort, the court was left with only [Miller's] word, which prejudiced him." Brief for appellant in No. A-20-434 at 10.

Regarding Miller's conviction for theft by receiving in an amount of $5,000 or more (case No. CR 19-3142), Miller alleged that:

> This body cam footage would have provided evidence regarding the circumstances of the items found in [Miller's] possession and lent credibility to [Miller's] assertion that he did not know [the items] were stolen and/or he was going to return the items, depending on the item. Instead, because of trial counsel's lack of effort, the court was left with only [Miller's] word, which prejudiced him.

Brief for appellant in No. A-20-433 at 10.

As to Miller's claim in case No. CR 19-4517 that the body cam footage "would have provided evidence regarding the circumstances of how the gun was found on [Miller] and his claim regarding such," we again find this to be a non-specific, broad, and conclusory claim in that, although there was footage of the incident, there was no indication of how that footage would conflict with the factual basis which supported the offense and Miller's original plea thereto. Without pleading what the body cam footage would have shown that would in any way conflict with the factual basis provided by the State to support this charge, we find this claim was pled without particularity and is not preserved for postconviction proceedings.

As to Miller's claim in case No. CR 19-3142 that the body cam footage "would have provided evidence regarding the circumstances of items found in [Miller's] possession and lent credibility to Miller's assertions that he did not know the items were stolen," we find the record refutes this claim because Miller admitted to stealing the Bobcat skid loader owned by J.R. Barger and Sons valued at $20,000 which was the sole basis for the reduced charge. Because the record affirmatively refutes this claim of ineffective assistance of trial counsel, this claim is likewise not preserved for postconviction proceedings.

### (c) Physical Inability to Take Case to Jury Trial

Miller's second claim of ineffective assistance of trial counsel is that trial counsel was ineffective in not being physically able to take Miller's case to a jury trial. Specifically, Miller alleged in his brief regarding his conviction for theft by receiving stolen property (case No. CR 19-3142):

> In this matter, trial counsel had recently [begun] to suffer some physical ailments which caused him to be unable to endure the rigors of a potentially week long (sic) jury trial. Trial counsel informed [Miller] of such. This particular trial counsel was already the third attorney to enter an appearance on behalf of [Miller] in this matter, and [Miller] felt trapped by trial counsel's lack of ability to take the case to trial. [Miller] was then left with no real choice but to cut the best deal he could and beg for mercy from the trial court.

Brief for appellant in No. A-20-433 at 10-11. In his brief regarding his conviction for possession of a firearm by a felon (case No. CR 19-4517), Miller made an identical allegation with the exception that he stated counsel was the "second attorney," not third, to enter an appearance on behalf of Miller in the matter. Brief for appellant in No. A-20-434 at 10.

Here, the record refutes Miller's allegation and clearly shows it was Miller's choice to enter into the beneficial plea agreement. During the plea hearing, the district court reviewed Miller's rights, including his right to a jury trial. Miller responded that he understood his rights and chose to waive them. Further, when the court asked Miller if he had enough time to talk to his attorney before coming to court, Miller responded that he had. Miller further acknowledged there were not any defenses that he thought he might have in either case that he had not discussed with his lawyer. Miller further acknowledged his pleas were his own free and voluntary acts. Thus, the record on appeal refutes Miller's allegations of ineffective assistance of trial counsel that he agreed to plead due to his counsel's inability to take Miller's case to a jury trial.

### (d) Failing to File Any Motions or Make Any Challenge to State's Evidence

Miller's third claim of ineffective assistance of trial counsel is that counsel was ineffective in failing to file any motions and/or make any challenge to the State's evidence. Specifically, Miller alleged in his brief that:

> In this matter, the record demonstrates that trial counsel failed to file any motions, despite acknowledging at the plea hearing that there were possible challenges to the evidence. . . . The undersigned understands it is difficult to surmise on the result of these challenges and even harder for this Court to do so, however, to enter a plea without any challenge even filed, depleted every bit of bargaining power [Miller] may have had.

Brief for appellant in Nos. A-20-433 and A-20-434 at 11. Miller does not specifically allege what motions or challenges his trial counsel should have made.

A similar situation was addressed by the Nebraska Supreme Court in *State v. Ash*, 293 Neb. 583, 878 N.W.2d 569 (2016). In *Ash*, the defendant argued his trial counsel was ineffective for not filing a motion to suppress any of the State's evidence. In response, the Nebraska Supreme Court held that the defendant's failure to articulate the legal basis for filing such a motion and not identifying the evidence to be suppressed represented express failures to sufficiently and specifically raise claims for ineffective assistance.

Likewise, in the instant case, although Miller alleges his trial counsel was ineffective in failing to file any motions and/or make any challenge to the State's evidence, he does not identify what motions counsel should have filed or challenges trial counsel should have made, nor does he identify what portions of the State's evidence trial counsel should have challenged. Miller's failure to identify what motions or challenges trial counsel should have made and his failure to articulate the legal basis for such motions or challenges, constitutes an express failure to sufficiently and specifically raise this claim for ineffective assistance of trial counsel. This claim is not preserved for future proceedings.

## VI. CONCLUSION

Having considered and rejected the claims raised by Miller, his convictions and sentences are affirmed.

AFFIRMED.